UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSH-SHAKKUR A. DERRICK,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN JOHN CUZZUPE, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-04436 (SDW) (SDA)<br><br>Hon. Stacey D. Adams<br><br>**OPINION**<br><br>April 22, 2025 |

**THIS MATTER** comes before the Court on its own initiative to consider the appointment of pro bono counsel for pro se Plaintiff Osh-Shakkura A. Derrick ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the parties' previous submissions on this matter, and based upon the following, the Court shall *sua sponte* appoint Tyler Pierson, Esq. of Kennedys Law, LLP as pro bono counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e).

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action on July 5, 2022 by filing a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff is currently incarcerated within the New Jersey State Prison System. (ECF No. 58).

In his Complaint, Plaintiff, a pretrial detainee, alleged that: on February 25, 2021, Defendant Officer Finnegan used excessive force by slamming his head into a wall; on February 26, 2021, Defendants Officer Finnegan and Officer White used excessive force while he was restrained; and, on May 3, 2021, Defendant Lieutenant Welch slammed Plaintiff into the door of his cell. (ECF No. 1 at 5-6). Plaintiff also alleged claims against Defendants Pierce, Crawford, and Cuzzupe. (ECF No. 1). However, pursuant to the Court's screening of the Complaint under 28

1

U.S.C. §§ 1915(e)(2)(B), 1914A, Defendants Pierce, Crawford and Cuzzupe were dismissed without prejudice for failure to state a claim upon which relief may be granted. (ECF Nos. 4-5).

Plaintiff submitted an application to proceed *in forma pauperis* along with his Complaint. (ECF No. 1-1). The Court granted this application. (ECF No. 2). Plaintiff moved to appoint pro bono counsel on August 3, 2023. (ECF No. 8). Magistrate Judge Elizabeth A. Pascal denied this motion without prejudice on October 2, 2023. (ECF No. 13). Judge Pascal found that four of the six *Tabron/Parham* factors weighed against the appointment of counsel at the time. (*Id.* at 7). Judge Pascal emphasized that Plaintiff's reading and writing capabilities, coupled with the lack of complexity of his legal issues and the lack of expected expert witnesses or difficult discovery did not warrant appointment of counsel at the time. (*Id.*). The Court emphasized that Plaintiff had the right to re-file a motion "if warranted by material relevant developments and/or a change in circumstances." (*Id.*).

On February 29, 2024, Plaintiff submitted a second motion to appoint pro bono counsel. (ECF No. 38). Plaintiff raised three arguments in this second motion: (1) because he was transferred to a different facility from where the events occurred, he was facing new litigation hurdles; (2) he attempted to obtain counsel to no avail and lacked the knowledge or experience to litigate the case; and (3) his work on his criminal appeal made litigating this matter even more difficult. (*Id.*). The Court conducted a status conference matter on the record with parties and counsel on July 16, 2024, during which the motion was addressed, and the parties were heard on the issue. (ECF No. 58). The undersigned issued and Opinion and Order denying this second motion, again without prejudice, on August 14, 2024. (ECF Nos. 57-58).

On October 31, 2024, Defendants Finnegan, Welch, and White filed a Motion for Summary Judgment. (ECF No. 62). On March 7, 2025, the Honorable Susan D. Wigenton issued an order

granting in part and denying in part Defendants' motion. (ECF Nos. 71-72). The only one of Plaintiff's claims that survived summary judgment was the February 26, 2021 allegation concerning the use of force inside Plaintiff's cell. (ECF No. 72). Summary judgment was granted as to all other claims. (*Id.*). Thus, after dispositive motion practice is complete, Plaintiff has one remaining claim that is ripe for trial. Given the current posture of this case and the fact that Plaintiff remains incarcerated, the Court has decided, *sua sponte*, to consider whether the interests of justice require the appointment of counsel to assist Plaintiff with the upcoming trial in this case.

## LEGAL STANDARD

"Where an unrepresented Plaintiff in a civil suit is indigent, and where good cause exists for the appointment of pro bono counsel under 28 U.S.C.1915(e)(1), the District Court has discretion and authority to appoint pro bono counsel even in the absence of a specific motion to do so." *Brandt v. Ganey*, No. 06-CV-5639 (FLW), 2008 WL 5416393, at *1 (D.N.J. Dec. 22, 2008) (citing *Williams v. Hayman*, 488 F. Supp. 2d 446, 447 (D.N.J. 2007)). The Court has broad discretion to determine on a case-by-case basis whether to appoint counsel to a pro se plaintiff. *Role v. Local 3 P.M. & S.E. Union*, No. 08-CV-6011, 2011 WL 52524, at *1 (D.N.J. Jan. 6, 2011) (citing *Tabron v. Grace,* 6 F.3d 147, 157 (3d Cir. 1993)).

As a threshold matter, in determining whether to appoint counsel, the Court must first analyze the substance of the underlying claims. *See Tabron*, 6 F.3d at 155. Only after a determination that a plaintiff's claim has merit in fact and law should the court proceed to consider and evaluate the factors outlined in *Tabron. See id.* at 156. These factors include whether:

> (1) the *pro se* party lacks the ability to present an effective case without an attorney; (2) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (3) factual investigation will be necessary and the party is not

3

> adequately able to pursue said investigation; (4) the case is likely to turn on credibility determinations; (5) the case will require expert testimony; and (6) the party is unable to attain and afford counsel on his/her own behalf.

*Pinto v. Gavilanez*, No. 16-CV-5201, 2017 WL 1051187, at *1-2 (D.N.J. Mar. 20, 2017) (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Tabron*, 6 F.3d at 155-56). However, although these factors are meant to guide the Court in making its determination, they are not exhaustive, and the Court may consider any other factor it deems relevant. *Tabron*, 6 F.3d at 157. Furthermore, the Court need not find that each of the *Tabron* factors is met before appointing pro bono counsel. *Brandt*, 2008 WL 5416393, at *11.

## ANALYSIS

As a primary matter, for the reasons discussed in Judge Wigenton's Opinion on the summary judgment motion, the Court finds that Plaintiff's remaining claim has merit. (ECF No. 71). The Court also finds that the interests of justice require that an attorney assist Plaintiff at this procedural juncture.

First, the Court must consider the ability of the plaintiff to present his or her case without the assistance of counsel. *See Tabron*, 6 F.3d at 156. In considering the first *Tabron* factor—a plaintiff's ability to present one's own case—a court should "review the plaintiff's education, literacy, prior work experience and prior litigation experience." *Christy v. Robinson*, 216 F. Supp. 2d 398, 409 (D.N.J. 2002) (citing *Tabron*, 6 F.3d at 156). "In addition, a court may weigh any restraints placed upon a plaintiff by virtue of the fact that he or she is a prisoner." *Id.* (citing *Montgomery v. Pinchak*, 294 F.3d 492, 510 (3d Cir. 2002) (quoting *Parham*, 126 F.3d at 459)).

Here, a review of the history of motions and applications filed by Plaintiff from the onset of this matter demonstrates that Plaintiff has consulted the rules, statutes, and some case law, but lacks the legal training to effectively present his case in federal court in accordance with the

4

Federal Rules of Evidence and other applicable law. Plaintiff has never been a litigant before and does not have the experience to represent himself at trial. (ECF No. 8 at 3). Like the plaintiff in *Montgomery*, lack of prior litigation experience weighs in favor of appointing pro bono counsel where the plaintiff has not fashioned themselves into a "sophisticated 'jailhouse lawyer.'" *Montgomery*, 294 F.3d at 502. While Plaintiff has been able to successfully file and oppose motions up to this point, his lack of trial experience and his limited resources while incarcerated will make it difficult, if not impossible, for him to effectively present and prosecute his case at trial. For this reason, the first factor weighs toward appointing pro bono counsel for Plaintiff.

The complexity of the legal issues involved, the second *Tabron* factor, also leans in favor of appointing pro bono counsel. Courts have found that § 1983 cases can be complex enough to require assistance of counsel. *See Montgomery*, 294 F.3d at 502 (citing *Parham*, 126 F.3d at 459)). The Third Circuit has found that "even where the ultimate [legal] issue appears relatively simple . . . [s]implicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim." *Id.* (internal quotations omitted); *see also Tabron*, 6 F.3d at 157 (instructing that the difficulty of the legal issues must be considered "in conjunction with . . . the plaintiff's capacity to present his own case"). This matter has now reached a point where it is proceeding to trial. While the Court previously found this factor weighed against the appointment of counsel, the fact that this matter will now be tried before a jury in Federal Court renders it more complex and appropriate for the appointment of pro bono counsel. This includes meeting and conferring with opposing counsel to prepare a proposed final pretrial order, preparation of in limine motions, trial preparation and, ultimately, presentation of Plaintiff's case at trial. As an incarcerated individual with no legal background, Plaintiff simply lacks the means to properly prepare for and represent himself at trial. Thus, the new posture of the matter raises the complexity

of this matter and the second *Tabron* factor now weighs in favor appointing pro bono counsel.

Turning next to the third *Tabron* factor, the Court must examine "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation." *Tabron*, 6 F.3d at 156 (citations omitted). Discovery in this matter is closed and this factor therefore weighs against the appointment of pro bono counsel. However, the Court would be remiss if it did not recognize that, because he is incarcerated, Plaintiff lacks the ability to meet with witnesses to flesh out any remaining factual investigation as needed effectively preparing for trial. Thus, the third *Tabron* factor is neutral.

The fourth *Tabron* factor measures the degree to which "a case is likely to turn on credibility determinations . . . ." *Id.* Generally, this factor weighs in favor of appointment of counsel only in circumstances where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. In her Opinion on the motion for summary judgment, Judge Wigenton recognized that Plaintiff's allegation that he was restrained in his cell on February 26, 2021 was not fully visible on body warn camera footage but that Plaintiff could be heard screaming in pain. (EFC 71, at 13). There is thus a question of fact as to whether reasonable force was used against Plaintiff that will likely turn upon the credibility of the parties and/or witnesses who testify about this incident. As a non-attorney, Plaintiff lacks the skill to effectively examine and cross-examine witnesses on the stand. This factor thus weighs in favor of appointing pro bono counsel.

The fifth factor – whether "the case will require testimony from expert witnesses" – is not applicable here as there are no experts. (ECF No. 59 ¶ 5). Thus, this factor weighs against the appointment of pro bono counsel.

Finally, the Court considers Plaintiff's financial ability to attain and afford counsel. *See Tabron*, 6 F.3d at 156. The Court recognizes that Plaintiff is incarcerated and has been granted

permission to proceed *in forma pauperis* ("IFP"), which is indicative of an inability to afford counsel. *See Montgomery*, 294 F.3d at 505 (finding that approval of a plaintiff's IFP application evidences a plaintiff's inability to afford counsel under the sixth *Tabron* factor if the plaintiff's financial situation has not changed). There is no evidence in the record that Plaintiff can afford to retain counsel on his own behalf. On July 13, 2022, the Court approved Plaintiff's application to proceed IFP and there is nothing in the record to indicate any change in Plaintiff's financial situation. (ECF No. 2). Plaintiff has remained in prison since that time. Plaintiff's inability to retain counsel is therefore another factor suggesting that the appointment of counsel is warranted in this instance.

Accordingly, the *Tabron* factors weigh in favor of appointing pro bono counsel for Plaintiff. The Court finds that the administration of this litigation will greatly benefit from the efficiency and clarity that would result from appointing an experienced trial attorney familiar with federal practice and federal rules as counsel for Plaintiff. *See Role*, 2011 WL 52524, *2.

## CONCLUSION

For the foregoing reasons, the Court hereby finds that the appointment of pro bono counsel to represent Plaintiff for the purpose of trial is appropriate in this matter. The Clerk of Court shall appoint pro bono counsel in accordance with the accompanying Order.

*s/ Stacey D. Adams*
**STACEY D. ADAMS, U.S.M.J.**

Orig: Clerk
cc: Counsel of Record